12049

MORRISON v. SMITH

(134 S. E., 365)

1. APPEAL AND ERROR.—Exception to question asked witness is essential to review.

2. SALES—WHETHER PLAINTIFF HAD RESHIPPED TO DEFENDANT MOTOR WHICH HAD BEEN RETURNED HELD PROPERLY LEFT TO JURY, UNDER INSTRUCTIONS THAT, IF PLAINTIFF HAD NOT ACCEPTED MOTOR FROM CARRIER, HIS DIRECTION FOR CARRIER TO RETURN IT WAS COMPLIANCE WITH HIS AGREEMENT.—Where purchaser of rendering plant shipped unsatisfactory motor back to seller *held,* in claim and delivery action by seller to recover property sold, question whether plaintiff had kept agreement to reship motor to defendant was properly left to jury, under instruction that, if plaintiff had not accepted delivery from carrier, he complied with his agreement by ordering carrier to ship motor back to defendant.

Before WHALEY, J., Richland, May, 1925. Affirmed.

Action by W. G. Morrison against Enoch Smith. Judgment for plaintiff, and defendant appeals.

The following is the agreement referred to in the opinion:

"This agreement, made as of the 1st day of May, 1923, by and between Enoch Smith of Columbia, S. C., and W. G. Morrison of Dayton, Ohio, witnesseth:

"Whereas, Enoch Smith is indebted to W. G. Morrison on a series of sixteen notes, dated September 5, 1922, secured by chattel mortgage, for a total sum of two thousand, two hundred and seventy dollars ($2,270.00), one of said notes being due two months after date and one additional note each month thereafter, and each of said notes being for the sum of one hundred and forty dollars ($140.00),

excepting the last note which is for one hundred and seventy dollars ($170.00), and all bearing interest at 6 per cent. from date; said notes and chattel mortgage have been given in part payment of the purchase price of one rendering plant and equipment purchased by Smith from Morrison; and

"Whereas, the first one of said notes was paid and the next five of said notes are now past due and unpaid, and Smith claims to have an off-set or claim against Morrison on account of a mistake having been made in respect to the voltage of the motor supplied with said rendering outfit, so that a new motor was purchased by Smith at an expense of four hundred dollars ($400.00) and an additional expense of approximately fifty dollars ($50.00), and Morrison claims an unpaid account due him from Smith for the traveling expenses of H. S. Carter, machinery erector, from Dayton, Ohio, to Columbia, S. C., and return, in the sum of sixty-six dollars and twenty cents ($66.20).

"Now, therefore, said parties desiring to settle all difficulties between them to date, it is agreed by and between the parties:

"(1) That Morrison shall allow to Smith, on account of said mistake, in respect to the motor, the sum of two hundred and fifty dollars ($250.00), and Morrison shall release all claim upon the motor at Dayton and order the same returned to Smith, and said motor shall be Smith's property.

"(2) That Smith will promptly pay the notes now past due, being the five notes due in the months of December, January, February, March, and April, amounting, with the interest thereon to May 1, 1923, to the sum of seven hundred twenty-five dollars and twenty cents ($725.20), and the traveling expenses of the said Carter in the sum of sixty-six dollars and twenty cents ($66.20), a total sum of seven hundred ninety-one dollars and forty cents ($791.40), less the credit of two hundred and fifty dol-

lars ($250.00), agreed to be allowed thereon, leaving a balance of five hundred and forty-one dollars and forty cents ($541.40). That the said notes and a receipted account of Carter's expenses shall be forwarded to the Palmetto National Bank of Columbia, S. C., with draft attached for the sum of five hundred forty-one dollars and forty cents ($541.40), which draft Smith undertakes and agrees to promptly honor and pay. That upon said draft for five hundred and forty-one dollars and forty cents ($541.40) being paid by Smith, all differences between the parties hereto to the date of this agreement are settled and adjusted, and Smith undertakes and agrees that he will in the future pay the remaining notes of said series promptly as due and are sent to the Palmetto National Bank of Columbia, S. C., for collection.

"That this agreement shall be executed in duplicate as of the date of May 1, 1923, and shall be binding upon neither party unless signed by both parties and the present payments herein provided for be promptly made.

"[Signed] WILLIAM G. MORRISON,
"ENOCH SMITH."

*Messrs. Graydon & Graydon,* for appellant, cite: *Parol evidence rule:* 3 S. C. L., 244; 83 P., 918; L. R. A. (N. S.), 607; 16 Okla., 59; 87 P., 869; 13 L. R. A. (N. S.), 826; 17 Cyc., 471.

*Mr. E. A. Blackwell,* for respondent, cites: *Effect of bill of lading on title to goods is matter of intention:* 72 S. C., 452. *Unauthorized delivery of goods to carrier does not pass title:* 1 Benjamin on Sales, Section 527. *Bill of lading not delivered to consignee not evidence of title in him:* 4 R. C. L., 16. *On refusal of consignee to receive goods consignor may order return:* 10 C. J., 271.

August 11, 1926.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

This is an action in claim and delivery of certain per-

sonal property sold and delivered by the plaintiff to the defendant, upon which the plaintiff holds a chattel mortgage securing the purchase price.

The property purchased by the defendant consisted of machinery intended to be used in his abattoir near Columbia, a rendering and drying tank, a 20-horse power motor, and appurtenances, all set forth in the contract of sale.

The purchase price was $3,370, $1,100 of which was paid in cash and the remainder, $2,270, was secured by sixteen notes, dated September 25, 1922. Fifteen of the notes were for $140.00 each, payable in consecutive months beginning November 25, 1922, and the sixteenth was for $170.00, payable February 25, 1924.

The plaintiff claimed that the notes due as follows had not been paid:

October 25, 1923 ............................$140.00
November 25, 1923 ......................... 140.00
December 25, 1923 ......................... 140.00
January 25, 1924 ......................... 140.00
February 25, 1924 ......................... 170.00

$730.00

The defendant admitted the execution and nonpayment of the notes, and set up a counterclaim of $500.00 damages, resulting from the failure of the plaintiff to comply with a later contract entered into between the parties.

After the sale in September, 1922, the plaintiff sent his representative to Columbia to install the machinery. After it had been installed, it developed that the 40-cycle motor which had been sent was insufficient; that it should have been a 60-cycle motor.

The defendant testified that the agent of the plaintiff dismantled the motor, "cased it up, and sent it back himself. He would not let me have anything to do with it," although he testified also that the motor remained there

until February 1, 1923, when he carried it to the depot and shipped it back to the plaintiff upon an open bill of lading, without having received any instructions from the plaintiff to do so. The evidence for the plaintiff tends to show that, when the motor arrived in Detroit, he was notified by the carrier and declined to have anything to do with it, allowing it to remain with the carrier. In the meantime the defendant supplied himself with another motor at a cost of $450.00.

On May 1, 1923, the parties entered into an agreement for the purpose of adjusting the controversy between them in reference to the insufficient motor which had been furnished. Let this agreement be reported.

At the time the notes maturing on the 25th of December, 1922, January, 1923, February, 1923, March, 1923, and April, 1923, $140.00 each, $700·00, with interest, $25.20, were past due. After charging the defendant with $66.20, expenses of the plaintiff's agent, and crediting him with $250.00 (as hereinafter explained) there was due to the plaintiff $541.40—thus:

The five notes ............................$700.00
Interest ................................. 25.20
Expenses ................................. 66.20

                                         $791.40
Credit ................................... 250.00

                                         $541.40

The agreement provided that the defendant should pay this amount, upon the draft of the plaintiff. It appears that he did so, and also paid the notes maturing May, June, July, August, and September, 1923, leaving unpaid the five notes in suit.

The agreement also contained the following provision:

"That Morrison (the plaintiff) shall allow Smith (the defendant), on account of said mistake in respect to the

motor, the sum of two hundred and fifty dollars ($250.00) ; and Morris shall release all claim upon the motor at Dayton and order the same returned to Smith, and said motor shall be Smith's property."

The case was tried before his Honor, Judge Whaley, of the County Court of Richland County, and a verdict was rendered in favor of the plaintiff, both upon his claim and upon the defendant's counterclaim. The defendant has appealed.

The argument of the defendant's counsel is limited to two propositions :

(1) That the Court erred in allowing plaintiff's attorney to ask the plaintiff if he knew where the motor was at the time he signed the agreement with Smith to return the motor to Smith. We find no exception raising this question.

(2) That there was error in refusing to direct a verdict in favor of the defendant upon his counterclaim, upon the ground "that it is undisputed that Morrison did not comply with his contract in shipping the motor or ordering it shipped back to Smith.' The evidence was conflicting upon the question whether the motor ever reached the possession of the plaintiff; the trial Judge properly left it to the jury to decide the question, and properly ruled that, if it had not reached his possession, but was in the possession of the carrier, he having refused to accept delivery, the plaintiff complied with his contract in ordering the carrier to ship it back to Smith.

The judgment of this Court is that the judgment of the County Court be affirmed.

Messrs. Justices Watts, Cothran and Stabler, and Mr. Acting Associate Justice C. J. Ramage concur.

Mr. Chief Justice Gary did not participate.